UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NORMAN MAURICE ROWE, M.D., M.H.A., L.L.C. and EAST COAST PLASTIC SURGERY, P.C.,

                Plaintiffs,

-against-

AETNA HEALTH AND LIFE INSURANCE COMPANY,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _2/25/2025_

22 Civ. 9427 (AT) (OTW)

**ORDER OF DISMISSAL**

ANALISA TORRES, District Judge:

    This case is one of more than 30 nearly identical lawsuits filed in this District and the Eastern District of New York by Plaintiffs, Norman Maurice Rowe, M.D., M.H.A., L.L.C., and East Coast Plastic Surgery, P.C., against Defendant, Aetna Health and Life Insurance Company ("Aetna"), claiming that Aetna breached an agreement to pay for a surgery. Resp. at 2 & n.2, ECF No. 55; *see generally* Compl., ECF No. 1-1. In 2023, the Honorable Jed S. Rakoff dismissed one of Plaintiffs' lawsuits, finding that "[n]o reasonable person would understand [Aetna's] representation [to Plaintiffs] to be an offer or promise to pay a particular amount." *Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Life Ins. Co.*, 705 F. Supp. 3d 194, 203 (S.D.N.Y. 2023). The Second Circuit affirmed. *Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Life Ins. Co.*, No. 23-8083, 2024 WL 4315128 (2d Cir. Sept. 27, 2024) (summary order).

    Following the Second Circuit's decision in Judge Rakoff's case, the Honorable Ona T. Wang directed the parties in this action, which had been stayed pending the Second Circuit's decision in the *Rowe Plastic Surgery* appeal, to file a joint status report. ECF No. 35; *see also* ECF No. 29 (order of reference); ECF No. 34 (stay order). In the status report, Plaintiffs requested leave to conduct "targeted discovery to aid in drafting an [a]mended [c]omplaint." ECF No. 36 at 2. Judge Wang

denied the request for discovery due to the stay. ECF No. 39. Plaintiffs did not object to Judge Wang's order, and they did not renew their motion for discovery after the stay was lifted. *See* ECF No. 40 (order lifting stay).

On December 9, 2024, Judge Wang filed an order (the "OSC") directing Plaintiffs to show cause by January 10, 2025, why their complaint should not be dismissed in light of the Second Circuit's decision in the *Rowe Plastic Surgery* appeal and why further amendment to the complaint would not be futile. OSC, ECF No. 41. Plaintiffs did not respond to the OSC. Accordingly, on January 13, Judge Wang issued a report (the "R&R") recommending that this action be dismissed with prejudice. R&R, ECF No. 42. The R&R specified that the parties had fourteen days (including weekends and holidays) from receipt of the R&R to file objections, and that failure to do so would result in waiver. *Id.* at 2 (collecting cases).

Later that day—that is, three days after Plaintiffs' response to the OSC was due—Plaintiffs filed their response to the OSC, a motion for leave to amend the complaint, and a motion for an extension of the deadline to respond to the OSC. ECF Nos. 43–46. Judge Wang construed Plaintiffs' late filings as a motion for reconsideration of the R&R and issued an order (the "Reconsideration Order") on the motion on January 14. Reconsideration Order, ECF No. 50. In that order, Judge Wang concluded that reconsideration was not warranted because (1) the complaint should be dismissed for the reasons stated by the Second Circuit in the *Rowe Plastic Surgery* appeal, and (2) Plaintiffs failed to show that their proposed amendments to the complaint would not be futile. *Id.* at 3–5.

By letter dated January 22, Plaintiffs requested an extension of the deadline to object to "Judge Wang's R + R of January 14, 2025," that is, the Reconsideration Order. ECF No. 51. The Court granted Plaintiffs until January 29 to file their objections, specifying that the Court's order

2

applied to "Judge Wang's January 14, 2025 [R]econsideration [O]rder," because that was the only extension request before the Court. ECF No. 52.

On January 29, Plaintiffs filed objections. Objs., ECF No. 54. Plaintiffs' objections go exclusively to the R&R; they do not address the Reconsideration Order. *See generally* Objs. Objections to the R&R, however, were due by January 27, and Plaintiffs did not seek an extension of that deadline. *See* R&R at 2. Plaintiffs' objections are, therefore, untimely—and because Plaintiffs do not explain the delay in their filing or ask the Court to excuse their procedural default, their objections are waived. *See IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993).

Even if the Court excused Plaintiffs' procedural default, it would find Plaintiffs' objections to be without merit. The objections raise the same arguments that Plaintiffs made before Judge Wang in their untimely response to the OSC, so the Court reviews the R&R for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006); *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018), *aff'd*, 837 F. App'x 841 (2d Cir. 2021). Given the straightforward application of the *Rowe Plastic Surgery* appeal to the nearly identical facts of this case, Judge Wang's persuasive conclusion that Plaintiffs' proposed amendments would be futile, *see* Reconsideration Order at 3–5, and the fact that Plaintiffs failed to file a timely response to the OSC, the Court is not "left with the definite and firm conviction" that Judge Wang committed "a mistake" in recommending that Plaintiffs' complaint be dismissed with prejudice, *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

Nor does the Court find any clear error in the Reconsideration Order. As stated, Plaintiffs have not raised a particular objection with respect to that order. *See Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). Plaintiffs do not

3

claim, for example, that the Reconsideration Order misapplied the legal standard applicable to motions for reconsideration, nor do they claim that Judge Wang erred in construing Plaintiffs' late-filed response to the OSC as a motion for reconsideration. *See generally* Objs. Plaintiffs' objections do not mention the Reconsideration Order at all beyond the fact that it was filed. *See* Objs. at 1. When no objection is made, the Court reviews orders by a magistrate judge for clear error. *Whitley v. Bowden*, No. 17 Civ. 3564, 2019 WL 1953941, at *1 (S.D.N.Y. May 1, 2019). The Court has reviewed the Reconsideration Order for clear error and finds none.

Accordingly, the Court adopts the R&R and Reconsideration Order in their entirety. Plaintiffs' complaint is DIMISSED, with prejudice, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 45–46 and close the case.

SO ORDERED.

Dated: February 25, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge